**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. |
| | : | |
| v. | : | |
| | : | |
| **JEREMY LORENZO STEVENSON,** | : | |
| | : | |
| | : | **UNDER SEAL** |
| Defendant. | : | |

**MOTION AND SUPPORTING MEMORANDUM TO SEAL**
**INDICTMENT, BENCH WARRANT, AND RELATED PAPERWORK**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court pursuant to Fed. R. Crim. P. 6(e)(4) to place under seal the Indictment, and the Bench Warrant for defendant Jeremy Lorenzo Stevenson, in the above-captioned case, as well as the Government's Motion to Seal and this Court's Order sealing the aforesaid documents.  In support of its motion, the government states as follows:

1. An Indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason, including, but not limited to, to take the defendant into custody and bring him or her before the court.  See United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949); see also United States v. Sharpe, 995 F.2d 49 (5th Cir. 1993); United States v. Southland Corp., 760 F.2d 1366, 1379-80 (2d Cir. 1985); United States v. Lyles, 593 F.2d 182 (2d Cir. 1979).

2. Today, June 5, 2019, a grand jury returned an Indictment against the defendant, charging two counts of unlawful distribution of methamphetamine, in violation of 21 U.S.C.§ 841, and two counts of using a communication facility to facilitate a drug trafficking felony, in violation of 21 U.S.C.§ 843(b).

3. Once the bench warrant issues, law enforcement will pursue efforts to secure the

arrest of the defendant.  The public disclosure of this Indictment at this time could jeopardize future plans to secure the defendant's arrest, because such disclosure could result in alerting the defendant of the warrant.   Such disclosure could endanger law enforcement and cause destruction of evidence or flight from prosecution.   Concern for the need to apprehend the defendant constitutes a legitimate prosecutorial reason, and thus an appropriate basis, for an Order sealing the Indictment and Bench Warrant.

4. Accordingly, the United States submits that under <u>Washington Post v. Robinson</u>, 935 F. 2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Bench Warrant, this Motion, and any Order to Seal.   We request that the Court so order.

5. In addition, we request that the sealing Order permit disclosure of the Indictment, Bench Warrant, and the Order to Seal to any federal or local law enforcement officials, and other personnel, to the extent that such disclosure is necessary in furtherance of efforts to execute the warrant.

<u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Indictment and Bench Warrant as well as sealing this Motion and the Court's sealing Order.  A proposed Order is submitted herewith.

        Respectfully submitted,

        JESSIE K. LIU
        UNITED STATES ATTORNEY
        D.C. Bar Number 472845

By:        /MJF/
        Michael J. Friedman, N.Y. Bar No. 4297461
        Assistant United States Attorney
        555 Fourth Street, N.W., Fourth Floor
        Washington, D.C. 20530
        (202) 252-6765
        michael.friedman@usdoj.gov

June 5, 2019