**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal No. 19-cr-189 (TSC)** |
| | : | |
| **JEREMY LORENZO STEVENSON,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

**BACKGROUND**

On June 5, 2019, the defendant was charged by indictment with four criminal counts: (1) unlawful distribution of more than five grams of methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)); (2) unlawful distribution of more than fifty grams of methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(2)(A)(viii)); and (3) two counts of using a cell phone to facilitate a drug trafficking felony (unlawful distribution of more than five grams of methamphetamine (21 U.S.C. § 843(b).  He was arrested the following morning and made his initial appearance on June 6, 2019. The defendant was ordered detained pending trial, after a judicial determination that there was "clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety or any other person and the community" (Dkt No. 10 at 2).

On March 3, 2020, the defendant pleaded guilty to Count One of the indictment, charging unlawful distribution of more than five grams of methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)).  The guilty plea was pursuant to a plea agreement (Dkt No. 19) in which the United

States agreed to dismiss the remaining charges at the time of sentencing.  The parties agreed in the plea agreement that a sentence of 33-41 months of imprisonment, followed by four years of supervised release, was the appropriate sentence under Federal Rule of Criminal Procedure 11(c)(1)(C), and the Court accepted the plea agreement.

On April 15, 2020, while the defendant was awaiting sentencing, the Court issued an order releasing him to home confinement in the community due in part to the exceptional circumstances of the global pandemic (Dkt No. 26).  Sentencing was postponed several times at the defendant's request, and is now scheduled for January 29, 2021.

## ARGUMENT

### I.      Statutory Penalties

The statutory maximum penalty for unlawful distribution of more than five grams of methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)) includes forty years of imprisonment; a fine not to exceed $5,000,000; a term of supervised release of not less than four years and up to life; and restitution.  The crime carries a mandatory minimum sentence of five years of imprisonment.

### II.     Application of the Sentencing Guidelines

The Sentencing Guidelines provide advisory recommendations which the courts "must consult . . . and take . . . into account when sentencing," *United States v. Booker*, 543 U.S. 220, 264 (2005), a criminal defendant for violations of the United States Code.  As the Supreme Court has explained, "[a]s a matter of administration and to secure nationwide consistency, the Sentencing Guidelines should be the starting point and the initial benchmark" in for determining the appropriate sentence.  *Gall v. United States*, 552 U.S. 38, 49 (2007).

The parties agreed at the plea hearing that the following Sentencing Guidelines sections apply. First, pursuant to U.S.S.G. § 1B1.3, the defendant was accountable for more than five grams of methamphetamine, reflecting the total amount involved in the relevant criminal conduct. Second, the base offense level under U.S.S.G. § 2D1.1 was 24. Second, three points should be deducted for acceptance of responsibility under U.S.S.G. § 3E1.1, for a total Estimated Offense Level of 21. Third, the defendant is eligible for a safety-valve reduction pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, resulting in an additional 2-point reduction under U.S.S.G. § 2D1.1(b)(18), and eliminating the mandatory minimum term of incarceration. The Total Estimated Offense Level is, accordingly, 19 points.

The parties also agreed that the defendant has an estimated Criminal History Category of II, resulting in an Estimated Guidelines Range of 33-41 months of imprisonment and a fine range of $10,000 to $100,000.

### III.    Statutory Sentencing Factors

As noted above, determining the recommended sentencing range under the U.S.S.G. is the first of two required steps for sentencing under the United States Code. The second step requires the court to consider that range, to consider other relevant factors set forth in the guidelines, and to consider the factors set forth in 18 U.S.C. § 3553(a). *See, e.g., United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). These factors include (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and provides the defendant with needed educational or vocational training and medical care; and (4) the need to avoid unwarranted

sentence disparities among defendants with similar records convicted of similar conduct.

### IV.   Analysis of the Statutory Sentencing Factors

#### 1.   Nature and Circumstances of the Offenses

The defendant committed a serious criminal offense by distributing a large amount of a dangerous illegal drug here in the District of Columbia.  The record indicates that the defendant was motivated by a desire to financially profit from his illegal conduct.  A sentence within the range of 33-41 months of imprisonment will reflect the seriousness of the criminal conduct.

#### 2.   History and Characteristics of the Offender

The defendant has a lengthy criminal history, with numerous prior arrests and at least three prior criminal convictions in the District of Columbia, for offenses including attempted threats, assault on a police officer, and obstructing a public bus.  The defendant's criminal history includes a history of noncompliance with judicial release orders.

The defendant's history includes prior firearm-related threats to kill; resisting arrest when he was arrested in this case on June 6, 2019; and, as the Court is aware, deeply concerning past conduct including the spread of ISIS terrorist propaganda and claims to have had prior online contact with an ISIS terrorist organization recruiter (*see* Dkt No. 5 at 2-7).  The Court is also aware of a serious health issue that arose after the detention hearing in this case on June 11, 2019.

The defendant is a high-school graduate with prior work experience before his detention in this case.  A sentence within the 33-41 month range will appropriately balance the various aspects of the defendant's history and characteristics.

**3.  Need to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence, and to Protect the Public**

A sentence within the range of 33-41 months of imprisonment will send a message to the defendant and the public that distribution of dangerous, illegal drugs will not be tolerated, and such a sentence will adequately punish the defendant for his offense.  The 33-41 month term of imprisonment should be served in the custody of the Bureau of Prisons, and there is no basis for any other form of detention including home confinement, for reasons included here and as we have previously explained (Dkt No. 22).  The imposition of a four-year term of supervised release will provide additional deterrence and protection to the public for years to come.

**4.  Educational or Vocational Training or Medical Care**

A four-year term of supervised release should require that the defendant participate in mental health and substance abuse treatment, in a manner that can be continuously verified and monitored by the Court.  Educational and vocational assistance while on supervised release will also help serve core goals of sentencing.

**5.  Need to Avoid Unwarranted Sentencing Disparities**

A sentence within the Sentencing Guidelines range of 33-41 months of imprisonment will ensure that the defendant is not subject to an unfairly disparate sentence.

**V.    Conclusions**

For these reasons, and considering all the unique circumstances of this case, we respectfully request that the Court impose a sentence within the range of 33-41 months of imprisonment, followed by four years of supervised released.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
New York Bar No. 4444188

By:  ____/s/_____
Michael J. Friedman
New York Bar No. 4297461
Assistant United States Attorney
555 4th Street, N.W., Room #11-439
Washington, D.C. 20530
(202) 252-6765
Michael.Friedman@usdoj.gov